UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CORTEZ MARTIN,

           PETITIONER,                      CASE NO.: 06-10024
                                               CRIM. NO.: 02-80658

VS.

                                               DISTRICT JUDGE PAUL D. BORMAN
                                               MAGISTRATE JUDGE STEVEN D. PEPE

UNITED STATES OF AMERICA,

           RESPONDENT.

_____/

**REPORT AND RECOMMENDATION**

## I.   INTRODUCTION

On January 4, 2006, Petitioner Maurice Cortez Martin filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. #92).  On April 17, 2006, Petitioner filed a motion for leave of court to amend in which has seeks to add additional claims to his motion to vacate (Dkt. #100).[1]  Petitioner filed a motion to expand the record on December 15, 2006, which contains documents Petitioner claims

_____

[1] Plaintiff previously filed a Motion For Leave To Supplement Motion (Dkt. #96), which provided no suggestion of how or with what Plaintiff wished to supplement his Motion to Vacate, Set Aside, or Correct Sentence aside from the general statement that he wished to do so with additional grounds and claims for relief. The undersigned issued an order to show cause why this Court should grant Plaintiff's Motion for Leave To Supplement Motion (Dkt. #98). Plaintiff subsequently filed his response to the order to show cause (Dkt. #99) and a motion to amend (Dkt. #100).  Because Plaintiff filed a more detailed motion containing his grounds for amending his motion to vacate (Dkt. #100), his Motion For Leave To Supplement Motion (Dkt. #96) was rendered moot and therefore denied by the Court's January 11, 2007, order (Dkt #103).

1

"reaffirms the common core of operative facts asserted within Petitioner's Motion to Amend Supplemental brief"(Dkt #101).[2]   Both of these motions were filed after the Respondent had filed its response to the initial § 2255 petition and both are denied in a separate order issued this date. The § 2255 Motion  to Vacate has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated below it is **RECOMMENDED** that Petitioner's § 2255 Motion be **DENIED.**

## II.   FACTS AND PROCEDURAL HISTORY

Petitioner was indicted in a one count felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on July 30, 2002 (Dkt. #5).  On August 2, 2002, Petitioner plead not guilty and a jury trial was held in January 2003.  At the close of all of the evidence, Petitioner renewed his motion for a judgment of acquittal, which the district court again denied.  The jury convicted Petitioner of the firearms charge and the district court granted a downward departure and sentenced Petitioner on July 10, 2003, to one hundred ninety five (195) months in prison and five (5) years of supervised release (Dkt. #61).  Petitioner filed a timely appeal in which he asserted that his conviction should be vacated because insufficient evidence existed to support his conviction.  On June 21, 2004, the Sixth Circuit in a two page opinion held that there was sufficient evidence to support Petitioner's conviction because the government presented testimony from two Detroit police officers who established that petitioner possessed a firearm.

---

[2] Plaintiff filed an identical motion for both Dkt. #101 and Dkt. #102.  Because both motions contained the same information verbatim, the undersigned issued a January 11, 2007, order holding that the Court would only consider Dkt. #101 and that Dkt. #102 was denied (Dkt. #103).

Petitioner did not contest his prior felony conviction or the interstate nexus for the firearm. Thus, the Sixth Circuit affirmed his conviction and sentence (Dkt. #86).  *United States v. Cortez Martin*, 103 Fed. Appx. 582 (6th Cir. 2004).

In this case, Petitioner was convicted of violating § 922(g), which normally carries a maximum sentence of 10 years imprisonment.  Yet, because of Petitioner's prior convictions, he was subject to the penalties set forth in § 924(e). That section provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years . . . .

§ 924(e)(1).

The definition of violent felony under § 924(e) includes an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 924(e)(2)(B)(I).  In Michigan, "[a]n assault is defined as any intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circumstances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v. Thomas*, 189 Mich. App. 110, 119; 472 N.W.2d 16, 21 (1991).  Thus an assault under Michigan law requires "a threatened use of physical force," and is a § 924(e) violent felony.[3]

---

[3] Burglary is a violent felony pursuant to § 924(e)(2)(B)(ii). Burglary is defined as "having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Breaking and entering into a building with intent constitutes "burglary" for the purposes of that section. "A conviction under the Michigan statute for breaking and entering either an occupied building or a business place would constitute burglary under the *Taylor* definition." *United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991).

3

The minimum sentence under § 924(e) is fifteen years of imprisonment and the maximum sentence is life. *United State v. Wolak*, 923 F.2d 1193, 1199 (6th Cir. 1991). As the Presentence Investigation Report ("PSI") detailed, Petitioner had sustained three breaking and entering with intent convictions and one felonious assault conviction (PSI at ¶¶ 30-40). Specifically, Petitioner was convicted, under Michigan law, of breaking and entering a building with intent three times – on June 7, 1989, September 7, 1989 and January 25, 1991 – and of felonious assault on August 8, 1997. At the conclusion of the trial in this matter, on January 14, 2003, the jury found that Petitioner had been convicted of those four felonies. (*See,* Dkt. #48-51). Those convictions were for crimes that constituted "violent felonies" for the purposes of § 924(e).

Petitioner's § 2255 motion alleges the following claims:

I.      The Court erred in deciding Petitioner's sentence as a result of an incorrect application of the sentencing guidelines and under 18 U.S.C. 3742(f)(2).[4]

II.     Petitioner's conviction under 924(e) is invalid due to his civil rights being restored within the definition of 18 USC 921(a)(20).

III.    Ineffective Assistance of Counsel

## III.    <u>ANALYSIS</u>

---

[4] In Petitioner's brief, his "Argument[s]" I-IV all pertain to claims of improper sentencing. In a supplemental filing, Petitioner seeks to benefit from *United States v. Booker,* 543 U.S. 220 (2005), in which the Supreme Court held that the United States Sentencing Guidelines could no longer be treated as mandatory (Dkt. #93). The Sixth Circuit, however, has held that *Booker* does not apply retroactively to 28 U.S.C. § 2255 petitioners as has every other circuit court to consider the issue. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005). *See also Guzman v. United States*, 404 F.3d 139, 142 (2d Cir.2005); *Lloyd v. United States,* 407 F.3d 608, 610 (3rd Cir.2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir.2005); *Varela v. United States,* 400 F.3d 864, 868 (11th Cir.2005); *U.S. v. Bellamy,* 411 F.3d 1182, 1187 (10th Cir. 2005); *U.S. v. Cruz*, 423 F.3d 1119 (9th Cir. 2005). For these reasons, the holding of *Booker* cannot retroactively be applied to Petitioner's sentencing.

A.   **Standard of Review**

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish

an error of constitutional magnitude, which had a substantial and injurious effect of influence on

the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993).  To prevail on a § 2255

motion alleging non-constitutional error, the petitioner must establish a "fundamental defect

which inherently results in a complete miscarriage of justice, or, an error so egregious that it

amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.

1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Section 2255 requires that a

district court hold an evidentiary hearing to determine the issues and make findings of fact and

conclusions of law regarding the petitioner's case "unless the motion and the file records of the

case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255; *see also*

*Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).    That is the case on the present record

that no further hearing is needed.

B.   **Factual Analysis**

1.   ***Procedural Default***

Respondent alleges that Petitioner is attempting to raise the following claims for the first

time on collateral review: (1) the Court erred in deciding Petitioner's sentence, and (2)

Petitioner's conviction under 924(e) is invalid due to his civil rights being restored within the

definition of 18 U.S.C. 921(a)(20).  With the exception of ineffective assistance of counsel claims,

the failure to raise an argument at trial or on direct appeal constitutes a waiver of that issue on

5

collateral review under § 2255.  *See United States v. Frady*, 456 U.S. 152, 164-165, 167 (1982);

*Napier v. United States*, 159 F.3d 956 (6th Cir. 1998).

It is clear that Petitioner failed to raise these issues on direct appeal.  In Petitioner's brief to

the Sixth Circuit he presented only one issue to the court for review:

> WHETHER DEFENDANT'S CONVICTION FOR FELON IN POSSESSION OF A FIREARM SHOULD BE VACATED, AND THE CHARGES DISMISSED WHEN THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AS A MATTER OR LAW TO PROVE THAT DEFENDANT, MAURICE MARTIN, WAS A FELON IN POSSESSION OF A FIREARM.

(Dkt. #104, Ex. B, p. 6).

Moreover, Petitioner's brief does not incorporate arguments into his appellate brief regarding his

sentence, or his civil rights being restored as they pertain to the right to possess firearms.  It is well

settled that:

> [w]hen the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense.

*Lang v. United States*, 326 F. Supp. 2d 827, 830-31 (E.D. Mich. 2004) (quoting *Fair v. United*

*States*, 157 F.3d 427, 430 (6th Cir.1998) (citation omitted)).

Where petitioner "has not demonstrated cause, it is unnecessary to determine if he has

shown prejudice." *Eaddy v. United States*, 20 Fed. Appx. 463, 464, 2001 WL 1176382, at *1 (6th

Cir. 2001) (unpublished) (citing  *Bousley v. Untied States*, 523 U.S. 614, 623 (1998)).  In this case,

Petitioner has failed to show good cause why some of his claims were not raised on direct appeal

or demonstrated that he is actually innocent of the subject offense.  While ineffective assistance of

counsel can constitute "cause" that issue is analyzed below and also in the memorandum denying

Petitioner's  motion to amend and is found wanting.   Accordingly, Petitioner claims regarding his

sentence and his civil rights being restored as they pertain to the right to possess firearms are barred on collateral appeal and are not discussed further in this Report and Recommendation.

Petitioner did not procedurally default his claim regarding ineffective assistance of counsel, even though it was not raised on direct appeal.

> "Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue." *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992); *see also Massaro v. United States*, 538 U.S. 500, 123 S. Ct. 1690, 1694, 155 L. Ed. 2d 714 (2003) (ineffective-assistance-of-counsel claims may and should be brought in 28 U.S.C. § 2255 proceeding).

*United States v. Foster*, 376 F.3d 577, 593 (6th Cir. 2004).  Therefore, this Report and Recommendation will only address Petitioner's claims regarding ineffective assistance of counsel.

## 2. *Ineffective Assistance of Counsel*

To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different.  *Strickland v. Washington*, 466 U.S. 668, 693 (1984).  "If a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient." *United States v. Boyd*,  259 F. Supp. 2d 699, 705 (W.D. Tenn. 2003) (citing *Strickland*, 466 U.S. at 697).  Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation.  *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995).  Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *O'Hara v. Wigginton*, 24 F.3d 823, 827 (6th Cir. 1994).

7

In Petitioner's § 2255 motion he alleges that his trial counsel was ineffective for failing to sufficiently investigate his prior convictions and as a result they were incorrectly used to enhance Petitioner's sentence (Dkt. #92, p. 19-21).  Specifically, Petitioner alleges that his prior convictions for felonious assault were "vacated" and thus had his counsel adequately investigated his case he would have objected to an enhancement of Petitioner's sentence as a career criminal based on those prior convictions.  This claim is ultimately another attempt to allege the Plaintiff was improperly sentenced.  Because Petitioner was represented by different counsel on appeal than at trial, he clearly had  the opportunity to raise the issue of ineffective trial counsel in his brief to the Sixth Circuit but failed to do so.[5]   In fact, Petitioner filed two motions with the trial court seeking to abandon the option of sentencing Defendant as an armed career criminal and thus was clearly aware of his alleged claim of improper sentencing and could have raised it on appeal (Dkt. #57 & #58).  For these reasons alone, Petitioner's ineffective counsel claim should fail as the issue involved, sentencing, is procedurally defaulted.

Petitioner's claim of ineffective counsel also fails on the merits.  As noted above, Petitioner states that his previous convictions were vacated and therefore his sentence should not have been enhanced.  In support of Petitioner's claim that he should not be sentenced as a career criminal, he has attached a court record that shows that he was found guilty on June 13, 1997, of two counts felonious assault and one count habitual-fourth offender, but that while his sentence for habitual-fourth offender began August 8, 1997, his sentences for the two assault counts were vacated on the same date (Dkt. #92, p. 24).

---

[5] On July 28, 2003, Judge Borman granted attorney James C. Thomas' motion to withdraw as counsel on appeal (Dkt. #67).  On August 22, 2003, Judge Borman appointed Douglas R. Mullkoff to be Plaintiff's appellate counsel (Dkt #73).

Moreover, on April 14, 2006, Petitioner filed his response to an order to show cause why this Court should grant his Motion for Leave To Supplement Motion (Dkt. #99), which contained some additional exhibits with which Plaintiff wished to supplement his motion. Plaintiff's Exhibit B appears to be a lien sheet, which reports that two of Plaintiff's charges for assault with a dangerous weapon were dismissed on August 8, 1997.[6]  In addition, the document reports that Plaintiff's January 25, 1991, charge was for entry without breaking, rather than for breaking and entering a building with intent as the Government claims.  This charge is also listed as dismissed.   On February 23, 2007, the undersigned issued an order requiring Respondent to provide supplemental submissions in the form of official court documents and sworn affidavits, which conclusively show Petitioner was convicted, under Michigan law, of breaking and entering a building with intent three times – on June 7, 1989, September 7, 1989 and January 25, 1991 – and of felonious assault on August 8, 1997.  Moreover, Respondent was instructed to indicate with complete details the manner in which Petitioner's sentence in the present case was calculated.

After throughly reviewing the documents submitted to the Court, it is clear that Plaintiff's prior convictions for assault were not "vacated."  After Petitioner was found guilty of being a felon in possession of a firearm, the Government presented evidence to establish that Petitioner was convicted of the specified violent felonies (Dkt. #106, Ex. A, January 14, 2003 Trial Transcript).  The jury unanimously found that Petitioner was convicted of breaking and entering

---

[6]  It is noted that the same sheet reports that Plaintiff was found guilty on August 8, 1997 of Count III: "Habitual Offender-Fourth Offense Notice."

with intent on June 7, 1989, September 7, 1989 and January 25, 1991, and that he was convicted of felony assault with a dangerous weapon on August 8, 1997 (Dkt. #106, Ex. B, Verdict Form).[7]

The PSI confirmed that Petitioner was convicted on January 25, 1991, of breaking and entering with intent, that he was sentenced to 30 months to 5 years of imprisonment, and that he served the maximum term. (Dkt. #106, Ex. C, PSI at 7, ¶¶ 35-37). The PSI further confirmed that Petitioner was convicted of two counts of felonious assault on August 8, 1997 (Id. at 38-41; *see also*, Dkt. #92, p. 24-25). The PSI explained that his *sentence* for those convictions (*not the convictions themselves*) was vacated and he received an enhanced sentence of 32 to 48 months pursuant to the Habitual 4th Offender Notice (Id.).[8] In other words, the enhanced sentencing as a Habitual Offender did not change the nature of the convictions; he remained convicted of felonious assault. *See United States v. Carnes*, 113 F.Supp.2d 1145, 1162 (E.D. Mich. 2000) (Rosen, J.).

With an offense level of 33, as required by §4B1.4(b)(3)(B), and a criminal history category of VI, Petitioner faced a guideline range of 235 to 293 months (PSI at ¶¶ 25 & 91). Yet, Judge Borman granted the Petitioner's request for a downward departure, and sentenced him to 195 months (Judgment, Dkt. #61). Thus, Petitioner was not sentenced above the permissible range, he was sentenced below it. Petitioner's arguments that his sentence was improperly enhanced are thus wholly without merit. Therefore, Petitioner has not shown both prongs of *Strickland* are met, and subsequently, he has failed to show ineffective assistance of counsel.

## IV.   RECOMMENDATION

---

[7] The Sixth Circuit has made clear that the fact that a defendant did not complete the burglary offense "does not diminish the serious potential risk of injury to another arising from an attempted burglary." *United States v. Lane*, 909 F.2d 895, 903 (6th Cir.1990). Consequently, an attempted breaking and entering with intent, as defined by Michigan law, is a § 924(e) violent felony. *United States v. Fish*, 928 F.2d 185, 188 (6th Cir. 1991).

[8] Indeed, Petitioner "freely admits that there is one Habitual offender fourth mentioned in his criminal history" (Dkt. #57, p. 5).

For the following reasons, it is **RECOMMENDED** that Petitioner's § 2255 Motion be **DENIED.**  The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local,* 231, 829 F.2d 1370,1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: March 29, 2007                                    s/Steven D. Pepe_____
Flint , Michigan                                         United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 29, 2007, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: <u>Elizabeth A. Stafford, AUSA,</u>  and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Maurice Cortez Martin, #30709-039, FCI, P.O. Box 33, Terre Haute, IN 47808</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
 pete_peliter@mied.uscourts.gov

12