UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE CORTEZ MARTIN,

       PETITIONER,

Vs.

UNITED STATES OF AMERICA,

       RESPONDENT.
_____/

CASE NO.: 06-10024
CRIM. NO.: 02-80658

HONORABLE PAUL D. BORMAN
HONORABLE STEVEN D. PEPE

**ORDER DENYING PETITIONER'S MOTION TO AMEND (DKT. #100)**
**AND**
**DENYING PETITIONER'S MOTION TO EXPAND THE RECORD (DKT #101)**

On January 4, 2006, Petitioner Maurice Cortez Martin filed his "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" (Dkt. #92). On April 17, 2006, Petitioner filed a motion for leave of court to amend in which he seeks to add additional claims to his motion to vacate (Dkt. #100).[1] Petitioner filed a motion to expand the record on December 15, 2006, which contains documents Petitioner claims "reaffirms the

---

[1] Plaintiff previously filed a Motion For Leave To Supplement Motion (Dkt. #96), which provided no suggestion of how or with what Plaintiff wished to supplement his Motion to Vacate, Set Aside, or Correct Sentence aside from the general statement that he wished to do so with additional grounds and claims for relief. The undersigned issued an order to show cause why this Court should grant Plaintiff's Motion for Leave To Supplement Motion (Dkt. #98). Plaintiff subsequently filed his response to the order to show cause (Dkt. #99) and a motion to amend (Dkt. #100). Because Plaintiff filed a more detailed motion containing his grounds for amending his motion to vacate (Dkt. #100), his Motion For Leave To Supplement Motion (Dkt. #96) was rendered moot and therefore denied by the Court's January 11, 2007, order (Dkt #103).

1

common core of operative facts asserted within Petitioner's Motion to Amend Supplemental brief"(Dkt #101).[2]  Both of these motions were filed after the government had filed its response to the initial § 2255 petition.  On February 12, 2007, the government filed its response in opposition to Petitioner's motion to amend (Dkt. #104).  On February 26, 2007, Petitioner filed a motion seeking an enlargement of time of 60 days to file a reply to the government's response (Dkt. #107).  He was granted an extension to March 26, 2007 (Dkt. #108).  No reply or other supplemental pleading was filed by Petitioner by the deadline.

For the reasons stated below, **IT IS ORDERED** that Petitioner's motion for leave of court to amend and Petitioner's motion to expand the record are **DENIED.**

I. **FACTS AND PROCEDURAL HISTORY**

Petitioner was indicted in a one count felon in possession of a firearm in violation of 18 U.S.C. § 922(g) on July 30, 2002 (Dkt. #5).  On August 2, 2002, Petitioner plead not guilty and a jury trial was held in January 2003.  At the close of all of the evidence, Petitioner renewed his motion for a judgment of acquittal, which the District Court again denied.  The jury convicted Petitioner of the firearms charge and the district court granted a downward departure and on July 10, 2003, sentenced Petitioner to one hundred ninety five (195) months in prison and five (5) years of supervised release (Dkt. #61).  Petitioner filed a timely appeal in which he asserted that his conviction should be vacated because insufficient evidence existed to support his conviction. On June 21, 2004, the Sixth Circuit held that there was sufficient evidence to support Petitioner's

---

[2] Plaintiff filed an identical motion for both Dkt. #101 and Dkt. #102. Because both motions contained the same information verbatim, the undersigned issued a January 11, 2007, order holding that the Court would only consider Dkt. #101 and Dkt. #102 was denied (Dkt. #103).

conviction and affirmed his conviction and sentence (Dkt. #86).  *See also, United States v. Cortez Martin*, 103 Fed. Appx. 582 (6th Cir. 2004), *cert. denied*, 544 U.S. 935 (2005).

Petitioner subsequently filed his § 2255 motion to vacate (Dkt. #92), and three months later his motion to amend (Dkt. #100).  His motion to amend alleges the following claims:

I. "Motion on Project Safe Neighborhoods"

II. "Newly Discovered Evidence against ATF Agent Kristine L. Kirby"

III. "District Court erred when it allowed the Prosecutor to introduce 'Perjured Testimony' in Appellant's trial."

As noted below, all three of these issues overlap in Petitioner's theory that ATF Agent Kristine L. Kirby, as part of the federal/state "Project Safe Neighborhoods" initiative to counter guns, relied in her affidavit supporting the complaint and indictment and in her testimony at trial on the allegedly false information provided her by the three Detroit Police officers involved about their finding Petitioner with the gun in question.

**II.   ANALYSIS**

**A.   Standard of Review**

To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude, which had a substantial and injurious effect of influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S. 619, 637-638 (1993).  To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."  *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).  Section 2255 requires that a

district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law regarding the petitioner's case "unless the motion and the file records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995).

> Under Fed. R. Civ. P. § 15(a):
>
> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Courts are liberal in allowing parties to amend complaints, "which reinforces one of the basic policies of the federal rules–that pleadings are not an end in themselves but are only a means to assist in the presentation of a case to enable it to be decided on the merits." 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1473, at 521 (2d ed. 1990). While the Supreme Court has stated that liberally granting leave to amend complaints under Rule 15(a) is "a mandate to be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), the Court stated several reasons to deny motions to amend, among them "undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . ."*Id.*

    **B.**    **Factual Analysis**

        **1.** *"Motion on Project Safe Neighborhoods" &"Perjured Testimony"*

Respondent alleges that Petitioner is attempting to raise the following claim for the first time on collateral review: "Motion on Project Safe Neighborhoods." With the exception of ineffective assistance of counsel claims, the failure to raise an argument at trial or on direct

appeal waives that issue on collateral review under § 2255.  *See United States v. Frady*, 456 U.S. 152, 164-165, 167 (1982); *Napier v. United States*, 159 F.3d 956 (6th Cir. 1998).

It is clear that Petitioner failed to raise this issues on direct appeal.  In Petitioner's brief to the Sixth Circuit he presented only one issue to the court for review:

> WHETHER DEFENDANT'S CONVICTION FOR FELON IN POSSESSION OF A FIREARM SHOULD BE VACATED, AND THE CHARGES DISMISSED WHEN THE EVIDENCE PRESENTED AT TRIAL WAS INSUFFICIENT AS A MATTER OR LAW TO PROVE THAT DEFENDANT, MAURICE MARTIN, WAS A FELON IN POSSESSION OF A FIREARM.

(Dkt. #104, Ex. B, p. 6).

Nor does Petitioner's appellate brief incorporate arguments regarding project safe neighborhoods.

It is well settled that:

> [w]hen the section 2255 petitioner has procedurally defaulted his contentions by failing to assert them on direct appeal or via a previously litigated habeas application, he must further either prove (1) that he possessed good cause for failing to do so and would suffer actual prejudice if his averments are deemed precluded, or (2) that he is actually innocent of the subject offense.

*Lang v. United States*, 326 F. Supp. 2d 827, 830-31 (E.D. Mich. 2004) (quoting *Fair v. United States*, 157 F.3d 427, 430 (6th Cir.1998) (citation omitted)).  Where petitioner "has not demonstrated cause, it is unnecessary to determine if he has shown prejudice." *Eaddy v. United States*, 20 Fed. Appx. 463, 464, 2001 WL 1176382, at *1 (6th Cir. 2001) (unpublished) (citing *Bousley v. Untied States*, 523 U.S. 614, 623 (1998)).

While total failure of an attorney to file a notice of appeal when requested by the client is *per se* ineffective assistance of counsel without the need to show actual prejudice,[3] the analysis is

---

[3] *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998) (holding that "the failure to perfect a direct appeal, in derogation of defendant's actual request, is a *per se* violation of the Sixth

5

different when the attorney pursues an appeal but disregards certain legal issues the clients asserts should be raised. The right to the effective assistance of counsel includes appellate counsel as well as trial counsel, and in *Mapes v. Coyle,* 171 F.3d 408 (6th Cir. 1999), *cert. denied,* 528 U.S. 946 (1999), this Court, with reference to the first prong of *Strickland* listed eleven questions as matters to be considered in determining whether an attorney on direct appeal acted in accordance with the objective standard of reasonableness.[4]

*Kitchen v. United States,* 227 F.3d 1014 (7th Cir. 2000), is a thoughtful case noting the difference in treatment between a failure to follow a client's direction to file an appeal as in *Ludwig* and *Roe v. Flores-Ortega* and a failure after filing an appeal to pursue all legal issues a client

---

Amendment"); *Carrion v. United States*, 107 Fed. Appx. 545, 547 (6th Cir. 2004) (in the case of a defendant who waived his right to appeal in a plea agreement, "counsel's failure to file a notice of appeal as the defendant requested establishes ineffective assistance of counsel *per se*, irrespective of whether the appeal would be successful"). *See also Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2002) ("we have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable").

[4] Mapes alleged that his appellate counsel was ineffective because he failed to raise six legal arguments on appeal. The Sixth Circuit noted:

> Factors which should be considered in determining whether appellate counsel rendered effective assistance include (1) whether omitted issues were significant and obvious, (2) whether there was arguably contrary authority on omitted issues, (3) whether omitted issues were clearly stronger than those presented, (4) whether omitted issues were objected to at trial, (5) whether trial court's rulings were subject to deference on appeal, (6) whether appellate counsel testified in collateral proceeding as to appeal strategy, and, if so, whether justifications were reasonable, (7) level of appellate counsel's experience and expertise, (8) whether defendant and appellate counsel met and reviewed possible issues, (9) existence of evidence that counsel reviewed all the facts, (10) whether omitted issues were dealt with in other assignments of error, and (11) whether decision to omit issue was unreasonable one which only incompetent attorney would adopt.

*Mapes v. Coyle,* 171 F.3d at 427-28.

wants. In the latter the two *Stickland* standards apply, and a defendant must demonstrate prejudice by showing that the omitted issue "may have resulted in a reversal of the conviction, or an order for a new trial" (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir.1986). Only if the defendant makes that showing, will we deem the lack of effective assistance prejudicial.[5]

---

[5] The Seventh Circuit notes:

> For in those cases in which the Supreme Court, as well as this and other circuits, have presumed prejudice from the failure to file a notice of [*1021] appeal, defendants have had *no* assistance of counsel for *any* issues. *See Roe v. Flores-Ortega*, 120 S.Ct. 1029, 1033 (2000); *Castellanos*, 26 F.3d 717, 718 (7th Cir. 1994). *See also, e.g., Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir.1998); *Morales v. United States*, 143 F.3d 94, 97 (2d Cir.1998). *Cf. Penson*, 488 U.S. at 78-79, 109 S.Ct. 346 (defense counsel withdrew prior to appeal). Therefore, a presumption of prejudice has arisen when the defendant was hampered by "the *complete* denial of counsel," *Flores-Ortega*, 120 S.Ct.at 1038 (emphasis added), meaning that "the defendant *never* receive[d] the benefit of a lawyer's services in constructing potential appellate arguments," *Castellanos*, 26 F.3d at 718 (emphasis added). When "[n]o one has looked at the record with an advocate's eye," *id.*, possible arguments on appeal are not even identified by an attorney, and it would be difficult for a court to evaluate the likelihood of success on appeal when the potential issues on that appeal were never identified. *Cf. Castellanos*, 26 F.3d at 718 (noting that although judges can "conscientiously" try "to imagine what a lawyer might have done, an advocate often finds things that an umpire misses.").
>
> Here, however, we need not employ our imaginations to determine what appealable issues were present in Kitchen's case. His counsel filed a timely notice of appeal from Kitchen's conviction and sentence and argued several issues before this court on direct appeal--some with success. Thus, one cannot characterize such a situation as one in which Kitchen was "abandoned" by his attorney or the denial of counsel on appeal was "complete." His attorney's deficient performance did not "deprive[ ] [Kitchen] of the appellate proceeding altogether." *Flores-Ortega*, 120 S.Ct. at 1038. Rather, Kitchen's counsel, through his deficient performance, foreclosed our review of one issue--whether Kitchen was entitled to a new trial on the basis of newly discovered evidence. This is unlike the situation in which the possible issues on appeal have not even been identified by an advocate, and prejudice must be presumed. *See, e.g., Penson* v. *Ohio*, 488 U.S. 75, 88,109 (1988). Here, the abandoned issue has been clearly defined, and no reason has been offered why any prejudice resulting from its abandonment may not be reliably determined.

*Kitchen v. United States,* 227 F.20 at 1020-21.

In this case, Petitioner has failed to show good cause why he did not raise his issue regarding Project Safe Neighborhoods on direct appeal. Unlike his assertion that he requested his attorney to raise on appeal ATF Agent Kelly's involvement in the *Chandeller* case – another Project Safe Neighborhood case that was dismissed because of the unreliable source of information coming from three Detroit Police Officers who were later indicted – Petitioner makes no similar claim that he instructed appellate counsel to pursue separately any Project Safe Neighborhoods issue on appeal.

His third issue on "PERJURED TESTIMONY" is so vague it is unclear if it is a re-argument of the credibility issue from trial regarding the Detroit Police officer's testimony, or is a variation of Project Safe Neighborhood/*Chandeller* arguments.  It does not appear to be an issue Petitioner specifically instructed his appellate counsel to pursue as the *Chandeller* issue involving Agent Kirby.

As noted below on alleged ineffectiveness of appellate counsel regarding a *Chandeller* type challenge to ATF Agent Kirby, Petitioner has not demonstrated ineffectiveness of counsel under the *Mapes* standards largely because Petitioner cannot demonstrate that any of these issues were meritorious or would likely have led to a different outcome if pursued. Nor has Petitioner demonstrated that he is actually innocent of the subject offense. Accordingly, Petitioner's claim regarding Project Safe Neighborhoods and the "PERJURED TESTIMONY" issues are barred on collateral review under § 2255 and an amendment to allow them would be futile and should be denied. Yet, given the vagueness of the "PERJURED TESTIMONY" issue, it is further analyzed below on the merits.

### 2. "Newly Discovered Evidence against ATF Agent Kristine L. Kirby"

Petitioner alleges that Agent Kirby committed perjury in her "investigation affidavit report" thus proving that the evidence against Petitioner was frivolous (Dkt. #100, ¶ 7).[6] His claim appears to be supported solely on a June 20, 2003, article in the Detroit News Paper discussing a different defendant in another case, *Chancellor v. United States*, Case # 02-CR-80401, which involved Agent Kirby and allegations of police misconduct.

The case to which Plaintiff referred involves federal criminal charges resulting from the Department of Justice's Project Safe Neighborhoods initiative which is a nationwide commitment to reduce gun crime in America.[7] A criminal complaint for Darell Chancellor for being a felon in possession was issued on May 6, 2002 (*United States v. Chancellor*, Case #02-CR-80401, Dkt. #1). ATF Agent Kristine Kirby apparently drafted the affidavit in support of the complaint based on information from Detroit Police officers William Melendez, Jeffrey Weiss, and/or Troy Bradley. These three officers were among the 17 Detroit Police officers indicted in this Court in June 2003 for planting guns and other evidence on innocent citizens.[8] Darrell Chancellor's felon in possession charge was later dismissed on November 26, 2002, at the request of the United States

---

[6] There is some confusion in the record because two separate ATF agents in the Detroit Field Office are named – Special Agents Kristine L. Kirby and Kristine Beardsley. Petitioner states that "there was also inconsistent testimony given by Special Agents Kristine L. Kirby, who was somehow mysteriously replaced with Kristine Beardsley" (Dkt. #100, p. 38). Similarly, in the Government's opposition brief to Petitioner's motion to amend, it states "Agent Kirby's testimony was offered only 'to establish the chain of custody for the gun.' (Exhibit B at 13)" (Dkt. #104, p. 2). The Government cites Petitioner's appeals brief in support of this contention. Yet, Petitioner's appeals brief states "The Government also put on Special Agent Kristine Beardsley to establish the chain of custody for the gun" (Dkt. #104, Ex. B, p. 13).

[7] Project Safe Neighborhoods, http://www.ojp.usdoj.gov/BJA/grant/psn.html

[8] **Detroit police officers indicted on federal charges,** Detroit Free Press, Thursday, June 19, 2003 , http://www.truthinjustice.org/17-detroit-cops.htm.

Attorney. It appears this was done once that office came to realize the lack of credibility of the three individual Detroit 4th Precinct police officers involved . *Id.* Dkt. #21. There is no evidence that Agent Kirby perjured herself in the *Chancellor* case, but only that she used unreliable hearsay from officers Melendez, Weiss, and/or Bradley as evidence in her affidavit supporting the complaint. Thus, there would be no basis to impeach her at Petitioner's trial under F.R. Evid. 608(b) for a prior act of knowingly giving false testimony under oath.

Detroit Police Officers Scott Herzog, William Hart and Eric Decker involved in Petitioner's case were not involved in that federal police corruption case, thus a Project Safe Neighborhoods/*Chancellor* type of argument could not be made against them.

Petitioner does note that another case involving Officer Herzog that was dismissed when Judge Denise Page Hood granted a motion to suppress when a fellow officer in that case (not involved Petitioner's case) testified he could see a hand gun in the defendant's waist band from 40 feet away. This different issue on Officer Herzog's credibility is separately analyzed below.

Petitioner further claims that he informed the District Court about Agent Kirby at sentencing and asked his appellate counsel to address this issue in his appellate brief. He supports this assertion with a January 15, 2004, letter to appellate counsel, Douglas R. Mullkoff. *Id.* at 38. Petitioner also includes a letter from his trial counsel, James C. Thomas, which indicates that counsel was aware that Petitioner believed the ATF agent involved in his case may have been involved in some wrongdoing.[9] Yet, trial counsel states in response to Petitioner that "to date, I am not aware of any litigation or criminal charges that have been filed against the

---

[9] On July 28, 2003, Judge Borman granted attorney James C. Thomas' motion to withdraw as counsel on appeal (Dkt. #67). On August 22, 2003, Judge Borman appointed Douglas R. Mullkoff to be Plaintiff's appeals counsel (Dkt #73).

10

Detroit Police Officers who were involved in your case - Scott Herzog, William Hart or Eric Decker. While I know that the ATF agent was quoted in the newspaper. . ."*Id*. at 35.[10]

At best, Petitioner appears to be making an ineffective assistance of appellate counsel claim. To show that he was denied the effective assistance of counsel under federal constitutional standards, Petitioner must demonstrate that, considering all the circumstances, counsel's performance fell below the objective standard of reasonableness and so prejudiced defendant that he was denied a fair trial and a reasonable probability exists that, but for counsel's conduct, the result would have been different. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). The standards for evaluating appellate counsel are set out in footnote 4 above in the discussion of *Mapes v. Coyle*. For appellate counsel as for trial counsel "[i]f a reviewing court can determine lack of prejudice, it need not determine whether, in fact, counsel's performance was deficient." *United States v. Boyd*, 259 F. Supp. 2d 699, 705 (W.D. Tenn. 2003) (citing *Strickland*, 466 U.S. at 697). Federal court review presumes that an attorney is competent and the burden rests upon the defendant to show a constitutional violation. *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995). Moreover, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *O'Hara v. Wigginton*, 24 F.3d 823, 827 (6th Cir. 1994).

In this case, it cannot be said Petitioner's counsel at either the trial or appeals level acted unreasonably. First, Agent Kirby played a relatively small role in Petitioner's trial. Agent Kirby did not testify as a witness to Defendant's possession of the firearm, but rather simply provided

---

[10] Petitioner has cut out the rest of counsel's response.

an affidavit based on the police reports of the arresting officers.[11] Petitioner's conviction was based primarily upon the testimony of the arresting Detroit police officers. *See Martin* 103 Fed. Appx. at 583-584. Without an ability to undermine the credibility of these witnesses, an all out assault on the witness laying a foundation for admission of the gun would likely be a lame defense. [12]

Second, Petitioner has failed to put forth any evidence that Agent Kirby perjured herself. A newspaper article regarding another case involving another defendant falls far short of demonstrating a constitutional violation or an error so egregious that it amounts to a violation of due process in Petitioner's case. As Petitioner's trial counsel states there is no evidence of litigation or criminal charges pending against the Detroit Police officers involved in this case. This was not a *Chancellor* type of situation and such a speculative and ungrounded argument would have failed for want of proof of any perjury or false testimony. Therefore, Petitioner's appellate counsel did not prejudice Petitioner's appeal (nor did his trial counsel prejudice his case or sentence) for not pursuing this Agent Kirby/*Chancellor* argument. It cannot be said that but for counsels' conduct the result in Petitioner's case would have been different. Accordingly,

---

[11] If Agent Kirby in addition to or instead of Agent Beardsley, testified to chain of custody on the weapon, then her role was only slightly larger. In Petitioner's appeals brief he states that "The Government also put on Special Agent Kristine Beardsley to establish the chain of custody for the gun" (Dkt. #104, Ex. B, p. 13). Other references were to Agent Kirby testifying to chain of custody.

[12] While using chain of custody as the means of identifying the gun as the one involved is preferred, the foundation for identifying this gun could be laid by any of the Detroit Police officers, such as Officer Herzog who saw Plaintiff throw the weapon onto a bed and then recovered it. It was later described as a .45 caliber, Mark III rifle. Officer Herzog testified at the suppression hearing that the gun was 20-25" long with "about a 30 round magazine attached" (October 2, 2002, Suppression Hearing Transcript at pp. 8 & 10.). The identification of such an unusual weapon would be even more persuasive if the officer recorded any identifying markings such as its serial number, 13298 on this weapon.

Petitioner's claim involving ATF Agent Kirby is futile and any amendment to add it should be denied..

### 3. "District Court erred when it allowed the Prosecutor to introduce 'Perjured Testimony' in Appellant's trial."

Petitioner claims that the District Court erred by introducing perjured testimony of the Detroit police officers involved in his case. Yet, he again presents no proof that the testifying officers perjured themselves in his case. Rather, he attaches to his supplemental brief the opinion of Judge Denise Page Hood in *U.S. v. Damon Nelson* in which she questioned the credibility of Officer Scott Herzog. Petitioner previously raised this issue with the District Court (Dkt. #10), which found all of the officers' testimony credible after an evidentiary hearing on Defendant's Motion to Suppress (Dkt. #26; TR 12/5/2002 at 17).[13] Moreover, Judge Borman's credibility determination was made after Defendant brought to the Court's attention the opinion of Judge Denise Page Hood (Dkt. #104, Ex. D; TR 10/01/2002 at 52 ).[14]

On appeal, Defendant's appellate brief was based upon the premise that the testimony of the officers was contradictory, inconsistent, illogical and insufficient (Dkt. #104, Ex. B at 6-15).

---

[13] In addition, he found the testimony of Defendant's mother to be "inherently incredible" TR 12/5/2002 at 17.

[14] In Petitioner's appeals brief, he states:

Defense counsel asked Officer Herzog about a ruling in a different case where the judge found that Officer Herzog was not a credible witness (R. 77, Herzog, TR 10/01/02 at 26-27; JA pp. 28-29). Based on that questioning of Herzog, Defense counsel asked permission to impeach Officer Herzog at trial with the ruling issued by Judge Hood in the case of US v Nelson, where Judge Hood found Herzog's testimony at least partially incredible (R. 77, TR 10/01/02 at 52; JA p. 30). Judge Borman denied this request, although he said he would allow Defense to call Judge Hood to testify about her decision (R. 77, TR 10/01/02 at 52; JA p. 30).

(Dkt. #104, Ex. B, p. 18-19).

In response to these credibility challenges, the Sixth Circuit stated: "This court refrains from independently judging the weight of the evidence and assessing the credibility of witnesses." *Martin,* 103 Fed. Appx. at 583.  In *Dupont* v. *United States*, 76 F.3d 108, 110-111 (6th Cir. 1996) the Sixth Circuit in a thorough discussion held that a motion to vacate, set aside, or correct sentence by person in federal custody may not be used to relitigate a issue that was raised on appeal absent highly exceptional circumstances.

> "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *United States v. Brown*, 62 F.3d 1418 (6th Cir.) (unpublished) (citations omitted), cert. denied, 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). *See also Giraldo v. United States*, 54 F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."), cert. denied, 516 U.S. 892, 116 S.Ct. 240, 133 L.Ed.2d 167 (1995); *Ford v. United States*, 36 F.3d 1097 (6th Cir.1994) (unpublished) (same), cert. denied, 514 U.S. 1031, 115 S.Ct. 1390, 131 L.Ed.2d 241 (1995); *Kelly v. United States*, 977 F.2d 581 (6th Cir.1992) (unpublished) ("The remainder of Kelly's arguments on appeal attempt to relitigate the issues involved in his motion to suppress evidence. The issues were raised and answered on direct appeal. Kelly is not now entitled to relitigate those issues in a motion to vacate sentence under 28 U.S.C. § 2255. A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal.").

*Id.*

Petitioner has failed to show that highly exceptional circumstances warrant relitigating his claim pertaining to the testimony of the Detroit police officers involved in his case.  He has presented only rehashed arguments that were previously rejected by the trial court, the jury and the Sixth Circuit.  Accordingly, Petitioner claim is barred on collateral appeal and is therefore futile and he is not entitled to amend his § 2255 motion to add it.

Having found all of Petitioner's amended claims to be futile, **IT IS ORDERED** that Petitioner's motion for leave of court to amend is **DENIED.**

### III.   PETITIONER'S MOTION TO EXPAND THE RECORD

In Petitioner's Motion To Expand The Record, he seeks permission to include: (1) a largely illegible David Shepardson, Detroit News article dealing with this Cour's case of police misconduct of the 17 indicted police officers which he believes is similar to his case, (2) an "interview deposition letter" regarding the questioning of Petitioner's mother, and (3) a letter from Mr. Mullkoff, Petitioner's appellate counsel indicating that he was aware of Petitioner's claims of Detroit Police misconduct but noting that in his appeal he can only use evidence in the record and not new "observations or arguments that are not of record." (Dkt. #101).

First, everything in his mother's statement he could have or did have her testify to at trial. The other new matters relate to the federal corruption case of other Detroit Police officers than those involved in his case. They would not be admissible at trial, nor would they be received by the Sixth Circuit on appeal.  Because Petitioner's new submissions are not relevant to the issues involved in Petitioner's § 2255 petition he should not be allowed to add them to the record.  The illegible Shepardson article does relate to Petitioner's argument that certain Detroit Police officers are corrupt, but that would not make this "hearsay" newspaper article relevant or admissible in Petitioner's case .

 Moreover, Petitioner's new submissions do not contain any information that would support a contention that highly exceptional circumstances warrant relitigating his claim. Accordingly, **IT IS ORDERED** that Petitioner's Motion To Expand The Record is **DENIED.**

The undersigned has reviewed each of these proffered submissions, and considering them in their entirety, they would not modify this decision not to allow an amendment or supplementation of his § 2255 motion nor would it modify the recommendation to deny that motion in the Report and Recommendation issued this day.

**IV.** **ORDER**

For the reasons stated above, **IT IS ORDERED** that:

1. Petitioner's motion for leave of court to amend his § 2255 motion is **DENIED**, and

2. Petitioner's motion to expand the record is **DENIED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.  Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

**SO ORDERED.**


Date: March 29, 2007                                        s/Steven D. Pepe
Flint, Michigan                                             United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

  I hereby certify that on March 29, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: <u>Elizabeth A. Stafford, AUSA</u> , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Maurice Cortez Martin #30709-039, FCI, P.O. Box 33, Terre Haute, IN 47808</u>

                <u>s/ James P. Peltier</u>
                James P. Peltier
                Courtroom Deputy Clerk
                U.S. District Court
                600 Church St.
                Flint, MI 48502
                810-341-7850
                pete_peliter@mied.uscourts.gov